IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

YUSUF EL-WILLIAMS and
WILLIAM F. GRIFFIN,
    Plaintiffs,

vs.                                                Case No.: 3:14cv172/MCR/EMT

ESCAMBIA COUNTY BOARD OF
COUNTY COMMISSIONERS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This is a civil rights action under 42 U.S.C. § 1983 brought by pro se Plaintiffs Yusuf El-Williams and William F. Green, who at the time of filing were inmates of the Escambia County Jail (doc. 1).  This matter is now before the court upon referral by the clerk.

       On December 10, 2014, the court gave Plaintiffs thirty (30) days in which to file an amended complaint bearing the original signatures of both Plaintiffs (*see* doc. 18).  Plaintiffs failed to file an amended complaint by the deadline; therefore, on February 3, 2015, the court issued an order requiring Plaintiffs to show cause, within twenty-one (21) days, why this action should not be dismissed for failure to comply with an order of the court (doc. 19).  When no amended complaint was filed, this court entered a Report and Recommendation to the district court on March 17, 2015, recommending dismissal of this action without prejudice for Plaintiffs' failure to comply with an order of the court (doc. 21).  That Report and Recommendation was vacated upon Plaintiff Williams' filing a motion for extension of time in which to file an amended complaint, and the district court's granting the motion, through May 19, 2015 (docs. 22, 23, 24).[1]

---

[1] The docket reflects that the copies of the Report and Recommendation (doc. 21) and the order vacating the Report and Recommendation (doc. 24) that were sent to Plaintiff Griffin at the Jail were returned as undeliverable, with the notations that the addressee had been released from custody and the mailing could not be forwarded (doc. 25). Plaintiff Williams submitted notices of change of address that likewise indicate he has been released from custody (*see*

Plaintiffs failed to respond to the district court's order permitting them to file an amended complaint on or before May 19, 2015.  Therefore, on June 12, 2015, this court issued an order requiring Plaintiffs to show cause, within twenty-one (21) days, why this action should not be dismissed for the failure to comply with an order of the court (doc. 26).[2]  The time for compliance with the June 12, 2015, show cause order has now elapsed, with no response from Plaintiffs.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED without prejudice** for Plaintiffs' failure to comply with an order of the court.

At Pensacola, Florida, this 22nd day of July 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

---

docs. 6, 17).  To date, Plaintiff Griffin has not submitted a notice of change of address.

[2]  The clerk sent a copy of this court's June 12, 2015, order (doc. 26), to Plaintiff Griffin at the Escambia County Jail, but the mailing was returned as undeliverable on June 22, 2015 (doc. 27); the clerk also sent a copy of the order to Plaintiff Williams at the home address he most recently provided (*see* doc. 17).